IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIE PATTON,

    Petitioner,               CIV S-07-0286 FCD GGH PS

    vs.

JUDGE MORRISION ENGLAND, JR.,
and THE U.S.DISTRICT COURT,      FINDINGS & RECOMMENDATIONS

    Respondents.

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The case is referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an incomplete affidavit in support of her application to proceed in forma pauperis. She did not answer Question 2 ("Are you currently employed?" (although the answer appears to be "no")), and did not fully answer Question 3 (failing to state the amount of her disability payments). This incomplete application fails fully to inform the court whether plaintiff is unable to prepay fees and costs or give security for them, and therefore fails to meet the requirements of 28 U.S.C. § 1915(a).

\\\\\

1

Accordingly, plaintiff's application to proceed in forma pauperis should be denied. Moreover, due to the untenable basis of her complaint, plaintiff's application to proceed in forma pauperis should be denied without leave to amend.

Title 28 U.S.C. § 1915(e)(2) directs the court to dismiss a case at any time if the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Additional grounds for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted (Rule 12(b)(6)). The complaint must also comply with general rules of pleading, as set forth in Fed. R. Civ. P. 8(a), requiring clear statements of (1) the court's jurisdiction, (2) claims showing entitlement to relief, and (3) demand for relief.

Plaintiff improperly names a federal judge and court as defendants, and fails otherwise to demonstrate this court's subject matter jurisdiction. The complaint states in full:

> This petition is filed to establish a legal guideline for such cases. In 2005 the Honorable Judge Morrison England Jr., ruled in error; he confused Patton vs FCC 2002 with Patton vs. Earthlink and FCC 2005, the case he was to rule on. The cases establish limits on the Broadcase [sic] media, such as no wiretapping private phones or entering private homes. I have a restraining order on the media, the year 2000, in that regard. [¶] The Judge should amend or reverse.

Plaintiff's references Patton v. FCC, Civ. S-03-0812 LKK DAD PS, and Patton v. FCC et al., Civ. S-05-1299 MCE DAD PS. In both cases plaintiff asserted clandestine physical and electronic intrusions by the media into plaintiff's home. Both cases were dismissed for lack of subject matter jurisdiction. Judge England, named in the instant action, presided over only the latter case.

Federal judges are absolutely immune from civil liability for damages for acts performed in their judicial capacity. Pierson v. Ray, 386 U.S. 547, 553-559, 87 S. Ct. 1213 (1967). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 362, 98 S.

Ct. 1099 (1978). Rulings made by Judge England in <u>Patton v. FCC et al.</u>, Civ. S-05-1299 MCE DAD, were made within his judicial capacity. His resulting judicial immunity extends to actions for declaratory, injunctive and other equitable relief. <u>Mullis v. United States Bankruptcy Court</u>, 828 F.2d 1385, 1394 (9th Cir. 1987). Since neither Judge England nor the federal court may proceed as defendants in this action, this pleading defect warrants dismissal of plaintiff's complaint.

Further, despite a liberal construction, the facts of the complaint demonstrate no reasonable possibility that plaintiff can file any cognizable complaint demonstrating this court's subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996). Plaintiff has failed to meet this burden. Plaintiff's complaint has no arguable basis in law or fact, is wholly insubstantial and implausible. <u>See</u> <u>Hagans v. Levine</u>, 415 U.S. 528, 543, 94 S. Ct. 1372, 1382 (1974) (claim may be dismissed for lack of subject matter jurisdiction where it is "'so insubstantial, implausible, foreclosed by prior decisions . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court'"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-683, 66 S. Ct. 773, 776 (1946) (a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"), and is therefore subject to dismissal for lack of subject matter jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's complaint and application to proceed in forma pauperis be dismissed with prejudice.

These findings and recommendations are submitted to the District Judge assigned to this case. 28 U.S.C. § 636(b)(l). Written objections may be filed within ten days after being served with these findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The failure to file

\\\\\

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  3/6/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Patt0286.ifp